<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re JAN MARASEK and JOAN BYRON MARASEK | **Bankruptcy Action No. 08-30919 (MBK)** |
| JAN MARASEK, et al.,<br><br>              Appellants,<br><br>v.<br><br>U.S. BANK CUST FOR PRO CAPITAL I, LLC,<br><br>              Appellee. | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY**<br><br>**Civil Action No. 14-5213 (MAS)**<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

  This matter comes before the Court on Appellants/Debtors Jan and Joan Marasek's ("Appellants") appeal from an order entered by the Bankruptcy Court for the District of New Jersey on July 24, 2014 ("Order"). The Order granted Appellee U.S. Bank Cust for Pro Capital I LLC's ("Appellee" or "Pro Capital") motion for relief from the automatic stay with respect to property located at 463 Monmouth Road, Jackson, New Jersey (the "Property"), pursuant to 11 U.S.C. § 362(d), and denied Appellants' cross-motion to "Vacate, Void, Set Aside and Vitiate Pro Capital's Tax Sale Certificate." (Bankruptcy Action No. 08-30919 ("BA"), ECF No. 428.) After careful consideration, and for the reasons set forth below, the Court affirms the Bankruptcy Court's Order.

# I.  Background[1]

## A.  Bankruptcy Proceeding

Appellants filed Chapter 13 Bankruptcy in October 2008.  In their petition, Appellants listed the Property as real estate being held by debtors as trustees under a declaration of trust and quit claim deed, executed in 1982.  Appellants failed to comply with their Chapter 13 plan to sell or refinance the Property by June 2011, so the case was converted to a Chapter 7, and a Trustee was appointed.

In September 2011, during the pendency of the bankruptcy, Appellee purchased a tax lien secured by the Property at a municipal tax sale.  Appellants did not pay real estate taxes on the Property for some of 2010, and all of 2011, 2012, and 2013.  (BA ECF No. 392.)[2]  These sums have become part and parcel of the tax lien.  (*Id.*)  As of January 2014, Appellants owed Appellee $36,600.74 to redeem the tax lien.[3]  (*Id.*)  Once Appellee became aware of Appellants' bankruptcy, it filed a motion for relief from the automatic stay in the Bankruptcy Court, and Appellants filed a cross-motion seeking to "Vacate, Void, Set Aside and Vitiate Pro Capital's Tax Sale Certificate."  (BA ECF Nos. 392, 421.)  The Bankruptcy Court annulled the automatic stay *nunc pro tunc* and denied Appellants' cross-motion.  (BA ECF No. 428.)

---

[1] The majority of the factual background provided herein is taken from Appellants' brief and Appellee's opposition brief (ECF Nos. 15, 17) and is offered solely for contextual purposes. Factual material that is relevant to the Court's decision is taken from those portions of the Bankruptcy Court's docket that have been designated as the record for this appeal and are identified by citation to the Bankruptcy Court's docket.

[2] Appellants incorrectly identified the Motion for Relief from Stay in the Bankruptcy Court as ECF No. 391 in their designation of records.

[3] Appellee additionally indicates in its opposition brief (ECF No. 17) that Appellants have failed to pay taxes for the first, second, and third quarters of 2014, for a total of $7,025.52 owed.

**B.**    **Parties' Positions**

On appeal, Appellants argue, first, that the Property is not owned by them but is owned by a trust ("Marasek Trust"). Next, Appellants claim that there was fraudulent concealment by Appellee and Appellee's counsel, because they did not disclose that certain members of Pro Capital and certain attorneys from the law firm representing Appellee had pled guilty to participation in a bid-rigging scheme in violation of the antitrust laws. Appellants argue that this constituted fraud upon the Court and triggers the unclean hands doctrine. Third, Appellants argue that Pro Capital violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, because Pro Capital never sent Appellants written verification of the debt. Additionally, Appellants claim that U.S. Bankcorp (who, as Appellee notes, is not a party to the bankruptcy) was unjustly enriched through its acquisition of tax sale certificates and a government bailout.

Appellee first points out the inconsistency of Appellants' claim that the Property is not owned by them and instead owned by a trust. Appellee argues that if Appellants do not own the Property then it should not have been included in an automatic stay to begin with, since the Marasek Trust is not filing for bankruptcy. Appellee also points out that the source of its debt is a tax lien, not a consumer debt, and as a result, the FDCPA is not applicable here.

Appellee argues that, pursuant to 11 U.S.C. § 362(d), the Bankruptcy Court properly granted Pro Capital relief from the automatic stay. It asserts, with support, that a secured creditor may be granted relief from a stay if there is a threat that the value of the Property may decline and that the failure to provide for real property taxes can be a basis for finding lack of adequate protection. Appellee asserts that it was appropriate for the Bankruptcy Court to relieve it from the automatic stay because Appellants owe over $30,000 toward redeeming the tax sale certificate, which has diminished the value of the Property. Although Appellee points out that

3

the remaining accusations are not germane to this matter, it briefly addresses them and asserts that any guilty pleas entered by Appellee or its agents covered a time period prior to 2009, two years before this tax lien was purchased. Appellee also contends there was no duty to disclose the guilty pleas and Appellants have provided no evidence that the tax lien was procured by fraud.

## II.     Jurisdiction and Standard of Review

United States District Courts have jurisdiction to review appeals "from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(l). District Courts review a "bankruptcy court's legal determinations *de novo* [and] its factual findings for clear error." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (internal quotation marks omitted). The Court is required to "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992) (internal quotation marks omitted). A factual finding "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Whether to grant relief from an automatic stay is "a decision committed to the bankruptcy court's discretion, and may be reversed only for abuse of that discretion." *In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007); *see also In re Rosen*, 208 B.R. 345, 355 (D.N.J. 1997) ("A bankruptcy court is granted discretion to determine whether to lift an automatic stay; such discretion is reviewable on an abuse of discretion basis.") There is an abuse of discretion where the "court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact," but a decision will not be overturned unless "no reasonable

4

person would adopt the [lower] court's view." *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (internal quotation marks omitted); *In re SemCrude, L.P.*, 428 B.R. 590, 593 (D. Del. 2010).

## III.  Analysis

### A.  Relief from Automatic Stay

Relief from a stay, "such as by terminating, annulling, modifying, or conditioning such stay," may be provided "for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. § 362(d)(1).  Courts do not apply a rigid test to determine if "good cause" exists but instead employ a "balancing test in which the interests of the Debtor's estate are weighed against the hardships that will be incurred by the movant." *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 761 (D.N.J. 1996). "One basis for cause may be where a secured creditor lacks adequate protection because there is a threat the value of the property may decline." *In re Rosen*, 208 B.R. 345, 356 (D.N.J. 1997) (citing *In re Pinto*, 191 B.R. 610, 612 (Bankr. D.N.J. 1996), *abrogated on other grounds by In re Mendez*, 255 B.R. 143 (Bankr. D.N.J. 2000)); *see also United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988) ("[I]nterest is not adequately protected if the security is depreciating during the term of the stay."). Another basis for finding lack of adequate protection may be "the failure 'to provide for real property taxes.'" *In re Rosen*, 208 B.R. at 356 (quoting *Pinto*, 191 B.R. at 612); *see also In re Lane*, 108 B.R. 6, 11 (Bankr. D. Mass. 1989) (determining that the value of a creditor's interest in a property will begin to decline if taxes on the property go unpaid).

The Third Circuit has determined that a "bankruptcy court's conclusion that [a party] had adequate protection [is] a factual finding which [is] reviewed using the deferential clearly

erroneous standard." *In re Swedeland Dev. Grp.*, 16 F.3d 552, 558 (3d Cir. 1994); *see also In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004) ("Cause is an intentionally broad and flexible concept which must be determined on a case-by-case basis.").

In this case, Appellants stopped paying real estate taxes on the Property at some point in 2010. The tax lien purchased by Appellee covers taxes on the Property for some of 2010, all of 2011, 2012, and 2013, and some of 2014. Appellants' failure to pay the taxes and accruing interest will lead to a diminishment in the value of the Property, and Appellee may be inadequately protected. Accordingly, applying the clearly erroneous standard to the Bankruptcy Court's decision to annul the automatic stay, this Court finds no clear error, and thus no abuse of discretion.

### B.   Affirmative Defenses

In response to Appellee's motion for relief from the automatic stay, Appellants filed a cross-motion with numerous assertions, which the Court construes as affirmative defenses to Appellee's motion for relief. Although a hearing on relief from a stay is "not the appropriate time at which to bring in other issues, such as counterclaims against the creditor," the nonmoving party may "present[] evidence on the existence of claims which the court may consider in exercising its discretion." *In re Dennison*, 50 B.R. 950, 954-55 (Bankr. E.D. Pa. 1985) (internal quotation marks omitted). A court may consider those defenses that "strike at the very heart of the validity of the movant's secured claim." *In re Souders*, 75 B.R. 427, 432 (Bankr. E.D. Pa. 1987), *overruled on other grounds by FRG, Inc. v. Manley*, 919 F.2d 850 (3d Cir. 1990); *see also In re Brown*, 311 B.R. 409, 414 (E.D. Pa. 2004) ("[T]he filing of an adversary proceeding is clearly not the *only* avenue for resolving [an] issue and the validity of a lien may also be a

critical issue in stay modification proceedings that involve collateral that is property of a bankrupt estate.").

When asserting an affirmative defense to relief from a stay, the burden is on the debtor to present "sufficient evidence to convince [the court] that he will prevail in an action challenging the validity of movant's title." *Dennison*, 50 B.R. at 955. If the debtor presents sufficient evidence, the court can exercise its equitable powers to order that the stay remain in effect. *Id.* However, "[w]here the defenses asserted are merely a formless morass of self-serving conclusory statements, or are not supported by evidence, they will not be considered." *In re Souders*, 75 B.R. at 432 (internal quotation marks omitted).

In the instant case, Appellants asserted numerous claims including fraud upon the court, unclean hands, violation of the FDCPA, and unjust enrichment. Appellants have not provided, either in the first instance or on appeal, any evidence to convince the Court that they could prevail on an action challenging the validity of Appellee's title. As a result, it was not an abuse of discretion for the Bankruptcy Court to deny Appellants' cross-motion and request that any affirmative defenses be brought by Appellants as claims in an adversary proceeding instead of as a cross-motion in response to a request for relief from a stay.

### C.    Motion for Reentry of Stay

Appellants additionally filed a motion before this Court requesting "A Protective Order for A Stay & Injunction Staying and Restraining Any Foreclosure Action By Defendant/Appellee Pending the Final Resolution & Exhaustion of Any & All Plaintiff/Appellants' Appeals that May Ensue." (ECF No. 21.) The Court construes this as a motion for reentry of the stay and an injunction on any foreclosure action pending the resolution

of Appellants' appeals.  Given that Appellants' motion goes to the merits of the appeal itself, it

will be dismissed in accordance with this Court's affirmance of the Bankruptcy Court's Order.


**IV.    Conclusion**

For the reasons set forth above, it is hereby ordered that the Bankruptcy Court's Order is

affirmed, and Appellants' motion is denied.  An order consistent with this Memorandum Opinion

will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE


**Dated:** April 16th, 2015