**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re JAN MARASEK and JOAN BYRON MARASEK | **Bankruptcy Action No. 08-30919 (MBK)** |
| JAN MARASEK, et al., | |
| Appellants, | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY** |
| v. | |
| U.S. BANK CUST FOR PRO CAPITAL I, LLC, | **Civil Action No. 14-5213 (MAS)** |
| Appellee. | **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellants/Debtors Jan and Joan Marasek's ("Appellants") emergency application for a temporary restraining order ("TRO") and motion for reconsideration of the Court's denial of Appellants' bankruptcy appeal. After careful consideration, and for the reasons set forth below, the Court denies both Appellants' TRO application and motion for reconsideration.

### I.   Background

On April 16, 2015, the Court denied Appellants' bankruptcy appeal and a related motion, which sought to overturn the decision of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") granting Appellee U.S. Bank Cust for Pro Capital I LLC's ("Appellee" or "Pro Capital") request for relief from an automatic stay. (ECF Nos. 25, 26.) Appellants requested that the Court reverse the Bankruptcy Court's decision granting Pro Capital

relief from an automatic stay, so that foreclosure proceedings commenced with respect to real property owned by them could be stalled. As set forth more fully in the Court's prior decision, Pro Capital purchased a tax lien on Appellants' property at a municipal auction during the pendency of the bankruptcy proceedings and thus requested relief from the stay in order to foreclose on the property.

Appellants now move for reconsideration of the Court's prior decision, asserting that the Court erred in denying their appeal, and for injunctive relief. Appellants' principal assertion, as set forth in their motion for reconsideration, is that the tax lien entitling Pro Capital to foreclose on their property was procured by fraud and in connection with an alleged anticompetitive bid-rigging conspiracy for which several companies and individuals have been criminally prosecuted and which is the subject of a civil class action before the Undersigned. Appellants have also filed an emergency application for a TRO, requesting that the Court enjoin foreclosure proceedings on their property.[1] The Court will first address Appellants' request for reconsideration.

## II.    Reconsideration

In the District of New Jersey, a motion for reconsideration of a decision resolving a bankruptcy appeal is governed by Local Civil Rule 7.1(i). *See In re Purington*, No. 12-4135, 2013 WL 322572, at *2 (D.N.J. Jan. 28, 2013) (recognizing that that Federal Rules of Bankruptcy Procedure incorporate Federal Civil Rule 59(e) and applying Local Civil Rule 7.1 in

---

[1] Appellants' motion for reconsideration is not yet returnable. (The motion is set for June 1, 2015.) Appellants' emergency application, which requests the same relief as Appellants' appeal and motion for reconsideration, must be decided on an expedited basis. Accordingly, the Court decides both the motion and application simultaneously, and to the extent this action conflicts with Local Civil Rule 7.1, which governs motions days, the rule is relaxed pursuant to Local Civil Rule 83.2, in the interests of efficiency and preservation of judicial resources. *See United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000) ("[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment.").

reconsideration of bankruptcy appeal decision).   Under Rule 7.1(i), "[t]he movant has the burden of demonstrating either: '(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"  *Id.* (quoting *Max's Seafood Café v. Quintero*, 176 F.3d 669, 677 (3d Cir. 1999)).  "The standard for reconsideration is high, and reconsideration is to be granted only sparingly."  *Richardson v. Treacy, Schaffel, Moore & Mueller*, No. 05-501, 2007 WL 1321201, at *1 (D.N.J. May 4, 2007) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1986)).  Arguments previously considered by the Court are not a proper basis for a motion for reconsideration.   *In re Gabapentin Patent Litig.*, 432 F. Supp. 2d 461, 463 (D.N.J. 2006) ("Local Rule 7.1(i) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision.").  "Rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked."  *Id.*

Here, Appellants rehash the same arguments previously asserted in their brief and considered by the Court in rendering its decision.  As noted, the primary thrust of Appellants' argument, with respect to both the merits of the appeal and the motion for reconsideration, is that Appellee's tax lien should be set aside because it was procured by fraud.  In their motion for reconsideration, Appellants attach and describe a pleading from a civil class action alleging a conspiracy to violate the antitrust laws, guilty pleas entered by individuals indicted in connection with the aforementioned antitrust conspiracy, and various other documents.   The antitrust conspiracy plead in the civil action refers to conduct occurring between January 1998 and February 2009.  The plea agreements provided admit to anticompetitive conduct occurring between 1998 and approximately February 2009.  As previously asserted by Appellee and considered by the

Court, the period covered by the antitrust conspiracy detailed in these documents occurred prior to Appellee's acquisition of the tax lien associated with Appellants' property, which occurred in 2011.

More importantly, Appellants' arguments and introduction of new evidence in support of their affirmative defenses are not properly before this Court on appeal. The Court, sitting in its appellate role, cannot appropriately consider materials that were not presented to the Bankruptcy Court, and discovery that could have been obtained while in the Bankruptcy Court is not appropriately request while on appeal to the District Court. *See Smith v. Manasquan Sav. Bank*, No. 12-85, 2012 WL 4339561, at *5 (D.N.J. Sept. 20, 2012) (citing *In re WebSci Tech., Inc.*, 234 F. App'x 26, 31 (3d Cir. 2007)). Contrary to Appellants' assertions, an unresolved issue of fact does not entitle Appellants to a favorable decision; rather, the burden was on Appellants to present evidence in support of their counterclaims in the first instance before the Bankruptcy Court. *See In re Dennison*, 50 B.R. 950, 954-55 (Bankr. E.D. Pa. 1985).

## III.    Injunctive Relief

Appellants also request that the Court enter a TRO, enjoining state-court foreclosure proceedings that have been brought against them by Appellee. Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (internal quotation marks omitted). In determining whether to grant a temporary restraining order, courts look to several factors:

> (1) whether the movant has a reasonable probability of success on the merits;
> (2) whether the movant will be irreparably harmed by denying the injunction;
> (3) whether there will be greater harm to the nonmoving party if the injunction is granted; and (4) whether granting the injunction is in the public interest.

*DePinto v. Bayonne Bd. of Educ.*, 514 F. Supp. 2d 633, 635 (D.N.J. 2007) (quoting *Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 307 F.3d 243, 252 (3d Cir. 2002)); *see also NLRB v. 710 Long*

*Ridge Rd. Operating Co. II, LLC*, No. 14-1542, 2014 WL 1155539, at *1 (D.N.J. Mar. 21, 2014) (applying the same factors in the context of a motion for a stay pending appeal of a bankruptcy court order).   The moving party bears the burden of showing entitlement to injunctive relief. *Ferring Pharm.*, 765 F.3d at 210; *see also 710 Long Ridge Rd.*, 2014 WL 1155539, at *1 ("A party seeking a stay bears the burden of sufficiently establishing the required factors.").

Here, Appellants cannot obtain a temporary restraining order.   The Court has already affirmed the Bankruptcy Court's decision and denied Appellants' motion for reconsideration. Accordingly, Appellants cannot show an entitlement to injunctive relief.

## IV.   <u>Conclusion</u>

For the reasons set forth above, both Appellants' motion for reconsideration and application for a temporary restraining order are denied.   An order consistent with this Memorandum Opinion will be entered.


**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 5, 2015

5